# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00569-RJC-DSC

| | |
|---|---|
| DAVID SCOTT CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| STATE FARM MUTUAL ) | |
| AUTOMOBILE INSURANCE ) | |
| COMPANY AND JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Stay Proceedings and to Compel Arbitration," Doc. 4, Plaintiff's "Motion to Appoint Arbitrator," Doc. 5, Plaintiff's "Motion to Stay Initial Attorney's Conference," Doc. 6, and "Defendant State Farm Mutual Automobile Insurance Company's Motion to Stay Pending Declaratory Judgment," Doc. 7, and the parties' associated briefs and exhibits, Docs. 8-12.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court will grant Defendant's Motion to Stay Pending Declaratory Judgment and deny without prejudice Plaintiff's three Motions as discussed below.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of a bicycle accident that occurred on August 18, 2017. At approximately 7:04 am, Plaintiff David Campbell was found lying in or near the northbound lane

of the 9300 block of Blair Road in Mint Hill, North Carolina. Campbell alleges that an unknown vehicle driven by John Doe failed to reduce speed and struck his bicycle. Campbell's bicycle landed in the road and he was thrown to the side of the road, landing with his feet on the fog line and his head in the grass. He lost consciousness upon impact. His last memory before the collision was glancing at his speedometer. His first memory after the collision was coming to in the ambulance. He sustained severe facial fractures as well as injuries to his knees, right elbow, wrist and shoulder.

At the time of the accident, Campbell was insured under State Farm Policy Number 301 3161-D03-33X ("the Policy"), which provided $250,000 per person and $500,000 per accident in uninsured motorist ("UM") coverage.

> The Policy provides:
>
> **Part C1 – Uninsured Motorists Coverage**
> **INSURING AGREEMENT**
> We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:
> 1. **Bodily injury** sustained by an **insured** and caused by an accident; and
> 2. **Property damage** caused by an accident.
> . . . .
> **"Uninsured motor vehicle"** means a land motor vehicle or trailer of any type:
> . . . .
> 3. Which, with respect to damages for **bodily injury** only, is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:
> >    a. you or any **family member;**
> >    b. a vehicle which you or any **family member** are **occupying**; or
> >    c. **your covered auto**.
> >    . . . .
> **EXCLUSIONS**….
> >    B.   We do not provide Uninsured Motorists Coverage for **property damage** caused by a hit-and-run vehicle whose operator or owner cannot be identified.

Doc. 4-2 (emphasis in original).

The Policy also provides:

**ARBITRATION**

If we and an **insured** do not agree:

1. Whether that **insured** is legally entitled to recover compensatory damages from the owner or driver of an **uninsured motor vehicle**; or

2. As to the amount of such damages; the **insured** may demand to settle the dispute by arbitration.

Id. (emphasis in original).

On October 30, 2017, Campbell notified State Farm of his UM claim and his intent to seek arbitration should he and State Farm disagree as to the value of the claim. After conducting an approximately ten-month investigation, State Farm determined that it was more likely than not that Campbell was not struck by an unidentified motor vehicle. Therefore, the Policy did not provide UM coverage for his claim.

On September 26, 2018, Campbell commenced this action by filing a Complaint in Mecklenburg County Superior Court. He also requested that the matter be stayed pending arbitration pursuant to the Policy. Campbell simultaneously moved the state court to appoint State Farm's arbitrator.

On October 10, 2018, State Farm filed a declaratory judgment action in this Court captioned State Farm Mutual Automobile Insurance Company v. David Scott Campbell, 3:18-cv-548-RJC-DSC (hereinafter "Declaratory Judgment Action"). The Declaratory Judgment Action seeks a determination on the issue of whether Campbell is entitled to UM coverage under the Policy.

On October 19, 2018, State Farm filed a Notice of Removal of this case to this Court. Removal has not been challenged and appears proper.

On December 3, 2018, Campbell filed a Motion to Dismiss State Farm's Declaratory Judgment Action. See Doc. 7 at 3:18-cv-548. On December 13, 2018, Campbell filed the present Motions to stay proceedings and compel arbitration, appoint an arbitrator and stay the initial attorneys conference. See Docs. 4-6. On December 21, 2018, State Farm filed the present Motion to stay pending declaratory judgment. See Doc. 7.

## II.  DISCUSSION

"Insurance policies are contracts under North Carolina law, and as such, their interpretation is a question of law for the court." Geico Ins. Co. v. Larson, 542 F.Supp.2d 441, 444 (E.D.N.C. 2008). The Fourth Circuit explained that "a declaratory judgment is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and…when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493 (4th Cir. 1998) (internal quotations omitted). "It is well established that a declaration of parties' rights under an insurance policy is an appropriate use of the declaratory judgment mechanism." Id. at 494. Whether a condition precedent to coverage has been met is a proper question for a declaratory judgment action. Id. (holding that declaratory judgment action "to resolve questions that are traditionally resolved in declaratory judgment actions" would undoubtedly "serve a useful purpose in settling the disputed rights" between the parties, "afford[ing] relief from the uncertainty of whether coverage exists under the policy.")

In this case, the Declaratory Judgment Action would "serve a useful purpose" in determining whether Campbell is entitled to UM coverage under the Policy. The pertinent language in the Policy provides that an uninsured motor vehicle is "a land motor vehicle or trailer of any type… [w]hich, with respect to damage for bodily injury only, is a hit-and-run vehicle

whose operator or owner cannot be identified and which hits… you or any family member." Doc. 4-2, p. 26 of 54. The definition of "uninsured motor vehicle" requires contact. Whether the definition of "uninsured motor vehicle" has been met must be decided prior to consideration of other provisions in the Policy.

North Carolina courts have interpreted uninsured motorist coverage "to require physical contact between the vehicle operated by the insured motorist and the vehicle operated by the hit-and-run driver for the uninsured motorist provision of the statute to apply." Moore v. Nationwide Mut. Ins. Co., 664 S.E.2d 326, 328 (N.C. App. 2008). See also Kaska v. Progressive Universal Ins. Co., 798 S.E.2d 431 (Table), 2017 WL 1056246 (N.C. App. 2017) (holding no collision occurred between vehicles as required for uninsured motorist coverage); Prouse v. Bituminous Cas. Corp., 730 S.E.2d 239 (N.C. App. 2012) (holding physical contact between the vehicle operated by the insured motorist and the vehicle operated by the hit-and-run driver required for uninsured motorist coverage).

In the Declaratory Judgment Action, State Farm seeks a determination of whether the elements of "uninsured motor vehicle" have been met in order to trigger coverage. State Farm contends that coverage is not triggered because Defendant was not "hit" and more likely had a single-bicycle accident. This is a matter of coverage and not one of liability or damages. State Farm does not dispute that Campbell is entitled to arbitrate his claim for uninsured motorist benefits **if** coverage is afforded under the Policy. See Doc. 9 at 8. Campbell also acknowledges that if no contact was made with an unknown motor vehicle, he would not be entitled to uninsured motorist benefits under the Policy. See Doc. 11 at 1.

Furthermore, the issue of whether a vehicle is uninsured is not arbitrable under the Policy. The Policy states that if Campbell and State Farm cannot agree (1) whether Campbell is legally entitled to recover compensatory damages from the owner or driver of an uninsured motor vehicle or (2) as to the amount of such damages, Campbell may demand arbitration to resolve those issues. See Doc. 4-2, p. 12 of 54 (emphasis in original). The issue of whether a vehicle meets the definition of an uninsured vehicle is not included in this provision.

The Court finds that it is in the interest of judicial economy for the Declaratory Judgment Action to resolve the issue of UM coverage before sending the parties to arbitration. Therefore, the Court will **grant** "Defendant State Farm Mutual Automobile Insurance Company's Motion to Stay Pending Declaratory Judgment," Doc. 7. The Court will **deny without prejudice** Plaintiff's "Motion to Stay Proceedings and to Compel Arbitration," Doc. 4, Plaintiff's "Motion to Appoint Arbitrator," Doc. 5, Plaintiff's "Motion to Stay Initial Attorney's Conference," Doc. 6.

The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel, and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: April 9, 2019

David S. Cayer
United States Magistrate Judge